# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 38968 (f rev)**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Scott A. MEAKIN**
Lieutenant Colonel (O-5), U.S. Air Force, *Appellant*

————————————

*Upon Further Review*

Decided 21 June 2018

————————————

*Military Judge:* Joshua Kastenberg (arraignment); Natalie D. Richardson.

*Approved sentence:* Dismissal and confinement for 19 months and 15 days. Sentence adjudged 28 August 2015 by GCM convened at Davis-Monthan Air Force Base, Arizona.

*For Appellant:* Major Allen S. Abrams, USAF.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Major Jeremy D. Gehman, USAF; Major Tyler B. Musselman, USAF; Captain Michael T. Bunnell, USAF; Gerald R. Bruce, Esquire.

Before MAYBERRY, JOHNSON, and SPERANZA, *Appellate Military Judges.*

Chief Judge MAYBERRY delivered the opinion of the court, in which Senior Judge JOHNSON and Judge SPERANZA joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

MAYBERRY, Chief Judge:

We have this case for further review because we ordered new post-trial processing due to error in the addendum to the staff judge advocate's recommendation (SJAR) for failing to address Appellant's post-trial Article 12, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 812, claims. *United States v. Meakin*, No. ACM 38968, 2017 CCA LEXIS 476 (A.F. Ct. Crim. App. 14 Jul. 2017) (unpub. op.).

In our previous opinion, we found the evidence factually sufficient to support the convictions, found that the military judge did not abuse her discretion in denying a continuance or denying a motion to dismiss for unreasonable multiplication of charges, but remanded for new post-trial processing in light of the erroneous SJAR addendum. *Id.* at 2, 20. On remand, a new SJAR was prepared and Appellant submitted matters in clemency. On 2 December 2017, the convening authority approved confinement for 19 months and 15 days (reducing the confinement by 15 days) and a dismissal. Furthermore, the convening authority waived the mandatory forfeitures for a period of six months for the benefit of Appellant's dependent wife and son. Appellant re-asserts his assignment of error that he is entitled to additional sentence relief as a result of the conditions of his post-trial confinement and post-trial delay and filed a supplemental assignment of error contending that he is entitled to relief due to the Government's failure to pay him for his accrued leave. We disagree and affirm.

## I. BACKGROUND

On remand, a new SJAR was prepared advising the convening authority that given this court's decision regarding Article 12, UCMJ, the convening authority should only approve so much of the sentence as provided for a dismissal and 19 months and 15 days of confinement. Appellant submitted additional clemency matters. These matters included a memorandum from his defense counsel which proffered that Appellant had not been paid for 58 days of accrued leave, despite two requests, and that Appellant was placed in administrative segregation for five days (no dates or locations specified) where he was only allowed to leave his cell for one hour per day. Appellant also provided a memorandum that was neither signed nor sworn. It does not mention a lack of payment for accrued leave or contain any information on confinement in isolation.

The new SJAR Addendum noted Appellant's allegation of not receiving payment for accrued leave stating, "I considered carefully this allegation of error and find it to be without merit." Regarding Appellant's confinement conditions, the Staff Judge Advocate advised the convening authority that he had "considered carefully this allegation of error and find only that there was a violation of Article 12, UCMJ, from 4 to 18 December 2015. My earlier recom-

mendation contains the relief I believe is appropriate for the Article 12 violation." The convening authority granted Appellant 15 days of confinement credit and approved only so much of the sentence as called for a dismissal and 19 months and 15 days of confinement.[1]

## II. DISCUSSION

### A. Article 12—Confinement with Foreign Nationals

Regarding Appellant's claim for Article 12 relief, this court originally found that Appellant was entitled to Article 12 protections while confined to the federal civilian facilities, despite the fact that he was confined to those facilities at the behest of civilian authorities. *Meakin*, unpub. op. at *35–*36. We further found that Appellant failed to exhaust administrative remedies and seek redress while confined from 18 December 2015 to 10 June 2016. *Id*. at *36. However, based upon the facts and circumstances of this case, we held that unusual circumstances excused Appellant's failure to exhaust administrative remedies from 4–18 December 2015 while he was en route to the federal detention center in Arizona. *Id*. at *35. Finally, this court found prejudicial error in the SJAR Addendum for failing to address Appellant's post-trial Article 12 claims, and remanded the case to the convening authority for new post-trial processing. Upon remand, the convening authority granted Appellant one-for-one credit for the 15 days he was housed with foreign nationals.

Appellant now maintains he is entitled to additional confinement credit for three reasons: (1) his time in confinement with foreign nationals following his military court-martial while awaiting his federal sentencing hearing; (2) the confinement conditions he experienced, to include five days spent in isolation; and (3) because of the Government's delay in granting Appellant the "bare minimum of relief."

Appellant's first basis for relief is simply a request for more than one-for-one credit for the 15 days we already held violated Article 12. Appellant has provided no authority for additional credit and we find no further relief is warranted for this reason alone. Next, Appellant asserts the conditions of his con-

---

[1] We note that although the Government maintains that Article 12 did not apply when Appellant was being transferred to the federal detention facility, Appellant has not raised a violation of Article 12 resulting from his transport from the federal detention center to military confinement. It is reasonable to infer that prior to his return, appropriate guidance was provided to ensure Article 12 compliance. Appellant received credit for both sentences at all times between his initial departure from the military confinement facility in December 2015 and his return in June of 2016, making his detention at the behest of military authorities.

finement were "violent and tumultuous," in so far as he witnessed inmates assault other inmates and he was housed with individuals who had committed violent offenses. Appellant provides no evidence that he himself was assaulted. In as much as Appellant was convicted in both military and federal court, and spent time in confinement facilities designed to house those convicted of criminal offenses, his surroundings were not unusual and were understandably unpleasant. Finally, we note that upon his arrival at the federal detention facility in Arizona, Appellant was offered, and declined, protective custody. We have no evidence other than defense counsel's memorandum to the convening authority supporting the five days Appellant spent in isolation. No further information was provided as to where that happened, or more importantly, why it happened. Appellant has provided multiple declarations as to the conditions of his confinement in clemency and with this court. None of them contain any reference to isolation. Without evidence that these conditions were inappropriate, severe, or egregious, we find Appellant is not entitled to relief.

Finally, we address the third basis for which Appellant requests sentence relief – the Government's delay in granting relief. Although we agree that the Government could have and should have addressed the Article 12 violation during the first post-trial processing phase, Appellant has provided no evidence as to how he was harmed by the failure to do so. Had the convening authority considered and granted 15 days confinement credit in January of 2016, Appellant would still have been transferred from the military brig back to the federal detention facility to serve out the remaining federal sentence 15 days earlier. He would not have returned to "freedom" as he asserts.

## B. Non-Payment of Accrued Leave

Appellant's counsel asserts that Appellant has not been paid for 58 days of accrued leave, despite two separate requests for payment. This non-payment is characterized as "punitive" and consequently Appellant asserts he is "being improperly punished." In *United States v. Buford*, 77 M.J. 562 (A.F. Ct. Crim. App. 2017), *rev. denied*, 77 M.J. 267 (C.A.A.F. 2018), we considered whether a mere claim of improper post-trial punishment establishes jurisdiction for this court to address collateral administrative matters and held it did not. A bare claim of illegal punishment, absent some evidence of intent to subject an appellant to illegal post-trial punishment, did not establish jurisdiction over collateral pay issues. *Id.* at 566.

Appellant purports to distinguish his case from *Buford* by stating that in this case, there is no evidence that the Government ever intends to pay Appellant for his accrued leave. However, it is also possible that the Government does intend to pay Appellant. Quite simply, the absence of evidence does not prove any punitive intent by the Government and does not amount to illegal punishment. Appellant is not entitled to relief.

### III. Conclusion

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court